## B. Haynes, Liquidator, *v.* Succession of T. Lawson.

The failure to file an appeal in time will not be excused upon the ground that the plaintiff was a liquidator of an insolvent corporation, who had resigned and no successor had been appointed until after the return day the of appeal had passed, especially when no diligence had been shown.

APPEAL from the District Court of East Feliciana, *Stirling*, J.

On motion to dismiss the appeal, *Z. S. Lyons* contended: The court is referred to the affidavit of the attorney for appellant, showing that there was no one who could stand in judgment at the time the appeal was made returnable.

The appeal was taken within the year; and the only question for the court is, whether when there is no party who can stand in judgment, no one who may become bound for the costs in the Supreme Court, &c.

The court may remember, that some months since an application was made by the appellant, through *C. Watts, Esq.*, for an extension of time to bring up the record. It was based on the same ground now taken, and supported by a

similar affidavit made by the plaintiff himself. This court gave no written opinion ; but from what it was understood this court intimated, the record was filed before the return day in course, and the parties duly notified of the fact.

The court will perceive that the Clinton and Port Hudson Railroad Company and its creditors, the principal one being the State, was unrepresented by the officer appointed by law to act. Who was to bring up the record ? Who was to be bound to the clerk for the costs of the appeal? It is suggested, with diffidence, the attorney would not have the power to find any subsequent appointee or the interests represented by him.

The record was not brought up and filed at the return day, because in the opinion of the counsel who acted there in the matter, there being no one to stand in judgment, and no party, it would be a vain thing. The undersigned was absent and not advised of the conclusions his colleague came to, but he advances these views for the consideration of the court.

Should the court deem it to have been the duty of the attorney to have brought up the record, then this court will not permit the interests of the State, represented by the liquidator, and the other interests entrusted to that officer to be sacrificed by a mistaken view of the law, entertained by an attorney who had been acting only as the attorney of a liquidator who had gone out of office, and consequently carried with him the attorneys who had been employed by him. Indeed, at the time the appeal was made returnable, there was no liquidator and no attorneys, the attorneys only holding under that officer. See Act of 1848.

The Supreme Court has decided, in several cases where the police jury were parties, that they will give relief against the mistakes or the negligence of their agents. The court will not, however, consider it conceded that after the resignation of the liquidator his appointees remained in office, under the Act of 1848 ; or that they or either of them had the right to carry up an appeal and give bond for costs.

The appellants having been fully advised of this application, and of the filing of the record, no injury can happen to them. They have ample opportunity to protect their rights, and have done so in this court. They may gain an advantage, but cannot suffer a loss.

*W. D. Winter*, for appellees, contended : In January, 1851, more than twelve months having elapsed since the rendition of the judgment below, nine months since the return day fixed for the appeal, and since obtaining the clerk's certificate by the appellees, without any new citation of appeal or other proceedings, the appellant files his record, and seeks now to prosecute his appeal. It seems to us to be clearly too late ; that the judgment has long since become final and irrevocable. And, even admitting that the plaintiff had lost his capacity as liquidator during the period that intervened between the execution of the appeal bond and the return day, we cannot conceive that this can now avail him. He should have brought up his record and made his parties in this court. We cite, upon this branch of the case, C. P. 593, 567, § 2, 574, 589, 289, 884. 3d Ann. 339, *Jenkins' Curator* v. *Bond. Ib.* 226, *New Orleans and Carrollton Railroad Company* v. *Hood. Ib.* 668, *Penny* v. *Sumerville. Ib.* 245, *Ducournau* v. *Levistones.* 2d Ann. 453, *Davis* v. *Hood. Ib.* 723, *Champomier* v. *Washington. Ib.* 769, *Guilbeau* v. *Creditors.* We deem it unnecessary to cite further authorities.

The judgment of the court was pronounced by

EUSTIS, C. J. The appellees have moved to dismiss this appeal, on the ground of the record of appeal not having been filed in due time.

The judgment was signed on the 6th of August, 1849, and on the same day an order was made, granting the appeal to the appellant, who was liquidator of the Clinton and Port Hudson Railroad Company, returnable on the 2d Monday of February then next ensuing. A bond was filed by the appellant on the 24th of August, 1849. The record is not filed in this court until the 6th of January, 1851. The record thus not having been filed until nearly a year after the return day, it is urged by the counsel for the appellee, that under the repeated decisions of this court and of our predecessors that the appeal must be dismissed. It is urged, that this case presents an exception to the general rule, inas-

much as the appellant resigned his office as liquidator in December, 1849, and no successor was appointed until April or May, 1850. These facts are supported by affidavit, and are not contested. The liquidator of this company was appointed by the State; and the affidavit contains no averment of any diligence on the part of any one in having the vacancy filled, or in relation to the bringing up of the appeal.

The attorney of the liquidator, or any party in interest, could have brought up and filed the record, and the appeal would not have been dismissed for the want of a nominal party, unless the party had been in fault in having had the case left in such a condition. The authorities cited by counsel fully sustain his position.

The appeal is therefore dismissed, with costs.